IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SERGIO MAYA TORRES, | * | |
| Petitioner, | * | |
| v. | * | Civ. No.: MJM-25-3961 |
| JEREMY BACON, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This matter is before the Court on petitioner Sergio Maya Torres's ("Petitioner") Motion for Declaratory Judgment. ECF No. 34. Petitioner seeks a declaratory judgment that, in any future bond proceedings, (1) orders entered by the United States District Court for the Central District of California in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873, are binding in Petitioner's case; and (2) the Department of Homeland Security ("DHS") is precluded from arguing that Petitioner is detained under 8 U.S.C. § 1225 and statutorily ineligible for bond. *Id.* Respondents oppose the motion. ECF No. 36. For reasons stated below, the motion is denied regarding Petitioner's request for a declaration that *Maldonado Bautista* is binding, and the motion is granted as to Petitioner's request for a declaration that Respondents are precluded from arguing his detention is mandatory by statute and not discretionary.

**I.    BACKGROUND**

On December 3, 2025, Petitioner filed an Amended Petition for Writ of Habeas Corpus seeking habeas relief under 28 U.S.C. § 2241 and declaratory relief under 28 U.S.C. § 2201. ECF

1

Nos. 1, 4. Petitioner alleged that (1) he is a citizen and national of Mexico who entered the United States in 2001; (2) DHS agents arrested Petitioner on December 2, 2025, and held him in the field office of U.S. Immigration and Customs Enforcement ("ICE") in Baltimore, Maryland; and (3) although Petitioner has a prior arrest for driving under the influence ("DUI"), he has since rehabilitated, is not a danger to the community or flight risk, and has strong ties to the community, including a minor child who is a U.S. citizen and a mother pursuing legal permanent residency. ECF No. 4 at 10–11. The petition asserted that Petitioner's detention by ICE violated the Fifth Amendment's guarantee of substantive and procedural due process and the Eighth Amendment's guarantee against cruel and unusual punishment. *Id.* at 11–14. Petitioner sought release from custody, an injunction against removal, an award of attorney's fees and costs, and other relief. *Id.* at 14. The Petition names as respondents the Acting Director of ICE Baltimore Field Office; the Deputy Assistant Director for Field Operations, Eastern Division, ICE Enforcement and Removal Operations; the Secretary of DHS; and the U.S. Attorney General. *Id.* at 1.

The parties filed a joint stipulation and proposed order on December 11, 2025. ECF No. 11. They stipulated that

> (i) Petitioner's detention is discretionary pursuant to 8 U.S.C. § 1226, not 8 U.S.C. § 1225; and that (ii) pursuant to 8 U.S.C. § 1226 and 8 C.F.R. § 236.1(d), Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) with an immigration judge considering the application for bond under the factors of *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

*Id.* The parties jointly requested an order staying the case while Petitioner pursued a bond hearing in immigration court. *Id.* The Court adopted the stipulation and entered the proposed stay order on December 12th. ECF No. 12.

Thereafter, the parties filed a series of status reports between December 19th and 29th. ECF Nos. 13, 15, 17. The December 29th status report stated that Petitioner appeared before an immigration court in Aurora, Colorado for a bond hearing on December 18th and was represented by counsel at the hearing. ECF No. 17. The immigration court denied bond the following day. *Id.*; *see also* ECF No. 23 (bond decision and order).

Petitioner then filed a second Amended Petition for Writ of Habeas Corpus ("Second Amended Petition") on December 31, 2025, ECF No. 18, followed by a motion for a temporary restraining order ("TRO") on January 5, 2026, ECF No. 19. The Second Amended Petition asserts claims for relief in three counts: (1) violation of Fifth Amendment right to substantive and procedural due process; (2) violation of Eighth Amendment right to protection from cruel and unusual punishment; and (3) request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). ECF No. 18. After full briefing, the Court conducted a hearing on January 20th, denied Petitioner's motion for TRO and the due process claim asserted in the first count of the Second Amended Petition, and set a deadline for Petitioner to file a status report to advise whether he intended to pursue the remaining claims in the Second Amended Petition. ECF No. 32.

On January 23, 2026, Petitioner filed a status report stating his withdrawal of his Eighth Amendment claim, ECF No. 33, and filed the pending Motion for Declaratory Judgment, ECF No. 34. Respondents filed a response in opposition to the motion. ECF No. 36. Petitioner did not file a timely reply. *See* ECF No. 35 (Order setting briefing schedule).

## II.     STANDARD OF REVIEW

Under the Declaratory Judgment Act, a federal court may, "upon the filing of an appropriate pleading … declare the rights and other legal relations" of a party in a civil action and determine whether further relief could be sought. 28 U.S.C. § 2201(a). The statute expressly limits

the availability of declaratory relief in federal court to "case[s] of actual controversy with [the court's] jurisdiction[.]" *Id.*

> [A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted). Indeed, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In deciding whether to exercise its discretion to grant declaratory relief, the court should consider "(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; or (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *White v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 913 F.2d 165, 168 (4th Cir. 1990) (citation and internal quotation marks omitted); *see also Corsair Special Situations Fund, L.P. v. Engineered Framing Sys., Inc.*, Civ. No. PWG-09-1201, 2010 WL 2367390, at *4 (D. Md. June 9, 2010), *aff'd*, 442 F. App'x 66 (4th Cir. 2011).

### III.    ANALYSIS

#### A. Declaration that *Maldonado Bautista* Is Binding

The Court declines to grant Petitioner's request for a declaratory judgment that *Maldonado Bautista* is binding in any further bond proceedings involving Petitioner. First, the Court lacks jurisdiction to grant this relief because there is no "actual controversy" between the parties that

Petitioner is a member of the class certified in that case. 28 U.S.C. § 2201(a). Second, the *Maldonado Bautista* court has already granted declaratory relief to the entire class, and another declaration from this Court would neither serve any "useful purpose" nor afford further relief from any "uncertainty, insecurity, and controversy . . . ." *White*, 913 F.2d at 168.

n *Maldonado Bautista v. Noem*, the U.S. District Court for the Central District of California granted noncitizen habeas petitioners' motion for partial summary judgment to vacate and to declare "unlawful" the DHS Policy instituted last year treating all individuals "arrested in the United States and charged with being inadmissible as an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)[]" and therefore "not entitled to the due process protections found within § 1226(a)." --- F. Supp. 3d ----, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025); *see also* 2026 WL 468284, at *3 (C.D. Cal. Feb. 18, 2026). The court further granted the petitioners' motion to certify the following nationwide "Bond Eligible Class" and "extend[ed] the same declaratory relief granted to" the petitioners to the entire class:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987 at *32, *judgment entered*, 2025 WL 3678485 at *1. The court rejected the interpretation of 8 U.S.C. §§ 1225 and 1226 reflected in the challenged DHS policy, which would render its detention of members of the Bond Eligible Class mandatory pursuant to § 1225(b) and not discretionary under § 1226(a), thereby denying them a bond hearing before an immigration court. 2025 WL 3289861 at *9–*11. After entering final judgment, *see* 2025 WL 3678485, the *Maldonado Bautista* court granted the petitioners' motion to enforce its judgment by vacating the

decision of the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)[1] as contrary to law under the Administrative Procedure Act. 2026 WL 468284 at *12.

This Court denies Petitioner's request for a declaratory judgment that *Maldonado Bautista* is binding on his bond proceedings in immigration court. Any such declaratory judgment would be merely redundant with the orders entered in *Maldonado Bautista*. A declaration in the instant case is not necessary to resolve the question of whether Petitioner is a member of the Bond Eligible Class because there is no controversy on this question. There is no dispute between the parties that Petitioner falls within the definition of that class. *See* ECF No. 34 at 2–3; ECF No. 36 at 3, 7. As a member of that nationwide class, the *Maldonado Bautista* court has already granted him the declaratory relief he seeks in declaring effectively that he, like all class members, is detained pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), and is therefore entitled to an individualized bond hearing before an immigration judge, and that the contrary interpretation of these provisions adopted by DHS and the BIA is contrary to law. *See* 2025 WL 3713987 at *32; 2026 WL 468284 at *12.

Furthermore, Petitioner has received the individualized bond hearing to which both this Court and the *Maldonado Bautista* court found he is entitled. *See* ECF Nos. 17 (status report confirming that bond hearing was conducted); ECF No. 23 (immigration court's bond decision). Petitioner complains that, at the bond hearing, DHS argued that he is statutorily ineligible for a bond. ECF No. 34 at 2. But the written decision by the immigration court confirms that court's rejection of DHS's argument and its consideration of Petitioner's bond application under the

---

[1] In *Matter of Yajure Hurtado*, the BIA determined that immigration judges do not have jurisdiction to hold bond hearings for noncitizens who entered the country unlawfully without inspection because all such noncitizens are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). 29 I. & N. Dec. at 228–29.

factors of *Matter of Guerra*, *see* ECF No. 23 at 3–5, and consistent with 8 U.S.C. § 1226(a) and this Court's Order. Petitioner was represented by counsel at the hearing and had the opportunity to present evidence and argument to the immigration court in support of his bond application. *Id.*

The immigration court ultimately denied bond. *Id.* at 5. Obviously, Petitioner is disappointed by that outcome and believes the immigration court abused its discretion. *See generally* ECF No. 18. But the orders entered in *Maldonado Bautista* do not entitle him to any relief from the immigration court's decision, and a declaration from this Court that the *Maldonado Bautista* orders are binding upon any further bond proceedings would not afford him that relief.

Therefore, I find no actual or immediate controversy that warrants such a declaratory judgment that *Maldonado Bautista* is binding in Petitioner's immigration proceeding, *see Volvo Const. Equip.*, 386 F.3d at 592, and any such declaration would serve no useful purpose, *see Corsair Special Situations Fund*, 2010 WL 2367390 at *4. His request for this declaration is denied.

### B. Declaration Precluding from DHS from Arguing that Petitioner's Detention Is Mandatory by Statute

Petitioners request a declaration that Respondents are "preclude[ed] from arguing [in any future bond hearing or appeal] that the Petitioner is detained under 8 U.S.C. § 1225 and therefore statutorily ineligible for bond." ECF No. 34. The Court has jurisdiction to grant this relief and finds it proper to do so.

First, there does appear to be an "actual controversy" between the parties as to the statutory basis for Petitioner's detention. 28 U.S.C. § 2201(a). Petitioner's position is that his detention is discretionary under 8 U.S.C. § 1226 and Respondents, including the U.S. Attorney General and DHS Secretary, are bound by their stipulation in this matter that "Petitioner's detention is discretionary pursuant to 8 U.S.C. § 1226, not 8 U.S.C. § 1225[.]" ECF No. 11; ECF No. 34 at 1–

2. Although Respondents made that stipulation through its counsel in the instant case, DHS appears to have taken the opposite position at the bond hearing in Aurora, where, according to the immigration judge, "the Department of Homeland Security dispute[d] the Court's jurisdiction and the Department of Justice's stipulation[.]" ECF No. 23 at 1. Further, in its response to Petitioner's motion, Respondents argue that no preclusion doctrine applies here. ECF No. 36 at 8.

Second, I find that the parties' dispute as to the legal basis for Petitioner's detention is "of sufficient immediacy and reality to warrant" declaratory relief. *Volvo Const. Equip.*, 386 F.3d at 592 (citations omitted). Petitioner may "pursue another bond hearing" in immigration court or "appeal the immigration judge's decision at the Board of Immigration Appeals[,]" ECF No. 34 at 2, in which case DHS is likely to dispute again the stipulation it entered in this case, as it did at Petitioner's first bond hearing, *see* ECF No. 23 at 1. The immigration judge set that argument aside at Petitioner's bond hearing and found jurisdiction, *see id.*, but made no specific finding that DHS was precluded or estopped from making the contrary argument.

Third, independent grounds for this Court's jurisdiction over the parties under 28 U.S.C. § 2241 have not been contested. *See Volvo Const. Equip.*, 386 F.3d at 592 (citations omitted).

Finally, Respondents' unqualified stipulation in this case as to the statutory basis for Petitioner's detention and complete reversal before the immigration court has left lack of clarity, "uncertainty," and "insecurity" as to the effect of the stipulation and the resultant legal relations between the parties. *White*, 913 F.2d at 168. A declaration from this Court would thus "serve a useful purpose in clarifying" the parties' relations. *Id.*

The Court finds Respondents to be estopped and precluded from arguing in any forum that Petitioner's detention is mandatory under 8 U.S.C. § 1225. "Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of

8

the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996) (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28–29 (4th Cir. 1995)). Any argument by DHS before the immigration court or BIA that Petitioner's detention is mandatory under § 1225 and not discretionary under § 1226(a) is irreconcilable with its stipulation here that "Petitioner's detention is discretionary pursuant to 8 U.S.C. § 1226, not 8 U.S.C. § 1225," ECF No. 11, which was adopted as an Order of this Court, ECF No. 12. Judicial estoppel precludes DHS from "playing fast and loose" in the administrative proceeding by taking that contradictory position.

It is well established that "[a] stipulation may . . . be binding in a subsequent action between the parties if the parties have manifested an intention to that effect." Restatement (Second) of Judgments § 27 (1982). *See also* Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4443 ("Stipulation of individual issues is treated much as a consent judgment."); *In re MI Windows & Doors, Inc., Prods. Liab. Litig.*, 860 F.3d 218, 225 (4th Cir. 2017) (observing that whether consent judgments have preclusive effect is determined by the intent of the parties (citing *Keith v. Aldridge*, 900 F.2d 736, 740–41 (4th Cir. 1990))). The stipulation here reflects two agreements reached by the parties:

> (i) Petitioner's detention is discretionary pursuant to 8 U.S.C. § 1226, not 8 U.S.C. § 1225; and that (ii) pursuant to 8 U.S.C. § 1226 and 8 C.F.R. § 236.1(d), Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) with an immigration judge considering the application for bond under the factors of *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006).

ECF No. 11. Based on these agreements, the parties jointly proposed staying this case to permit Petitioner to "pursue[] a bond hearing in the Immigration Court[.]" *Id.* It would have made no sense for Respondents to stipulate that "Petitioner's detention is discretionary" and he was

9

"entitled to a bond hearing under 8 U.S.C. § 1226(a)[,]" and to agree to a stay to accommodate the bond hearing in immigration court, *id.*, if they intended to argue at the bond hearing that the immigration court lacked jurisdiction and Petitioner's detention was mandatory. Respondents could have made that argument here and sought dismissal or denial of the petition on that basis, as they have in numerous other cases in this District and across the country. Clearly, it was both parties' intent to be bound by the stipulation they entered and to be bound by the Court's adoption of that stipulation in an order. Accordingly, this Court finds that Respondents are estopped from contradicting their stipulation in this case and grants Petitioner's request for a declaration to that effect.

### IV.     CONCLUSION

For reasons explained herein, Petitioner's Motion for Declaratory Judgment is granted in part and denied in part. The motion is denied as to Petitioner's request for a declaratory judgment binding future proceedings to *Maldonado Bautista*. The motion is granted as to Petitioner's request for a declaration that Respondents are precluded from arguing his detention is mandatory by statute and not discretionary.[2]

A separate Order will issue.

_____2/26/26_____  
Date

_____  
Matthew J. Maddox  
United States District Judge

---

[2] Any remaining claim to an award of attorney's fees and costs under the EAJA is denied because that statute authorizes such an award to "the prevailing party in any civil action" brought against the federal government, 28 U.S.C. § 2412, and a habeas proceeding, like the instant case, is not a "civil action" for purposes of the EAJA, *Obando-Segura v. Garland*, 999 F.3d 190, 197 (4th Cir. 2021).